(25 Misc. Rep. 386.)

CRONKRIGHT v. CITY OF BROOKLYN.

(Supreme Court, Trial Term, Kings County. December, 1898.)

MUNICIPAL OFFICERS—SALARY—ADDITIONAL DUTIES.

Where a court officer of the city of Brooklyn was required by the chief clerk of court, who has no power to appoint deputies, to perform the duties of recording clerk, instead of the duties of court officer, but the supervisors never fixed his salary as a clerk, he was not entitled to compensation therefor in addition to his salary as court officer, though the salary of recording clerk is higher.

Action by Henry C. Cronkright against the city of Brooklyn for services as a public officer. Judgment for defendant.

Dailey, Bell & Crane, for plaintiff.
William J. Carr, for defendant.

WARD, J. The uncontroverted evidence in this case shows that prior to 1886 plaintiff had been regularly appointed a court officer of the city of Brooklyn, at a stated salary of $1,200 per annum, which

55 N.Y.S.—33

he drew monthly throughout the entire term of his service in that court. In March or April, 1886, he was detailed by the chief clerk of the court to help write the general minutes, and continued writing in the minute book, getting out papers, judgment rolls, orders, etc., and doing clerical work corresponding to that of a recording clerk, until 1891, when for a time he returned to work in the court room, but afterwards resumed the work upon the records which he had been doing prior to 1891, and continued such service until August, 1895. There is no evidence that he ever asked for any increase of salary, or that any agreement was ever made to pay him for extra work, or that the board of supervisors ever fixed his salary as clerk; but the claim is asserted that he was appointed a "recording clerk," and acted as such for nine years, and was therefore entitled to the salary of $1,800 per annum attached to that office, during that period, less the $1,200 per annum statedly paid to and received by him as court officer. This claim cannot be maintained without violating well-settled and familiar legal principles. Where the salary of a public officer is fixed by law, it is in full of all his official services, and he is not entitled to additional compensation because his duties have been increased, or because entirely new duties have been imposed upon him, since he took office; nor is there any implied obligation upon the part of a municipal corporation to compensate such officers for services extra to their ordinary duties. There is no evidence in this case that such services as were rendered by the plaintiff could not have been required from a court officer, and, even if they were extraordinary and not incidental to the plaintiff's employment, it was requisite that the board of supervisors should have determined the compensation therefor before any action could be maintained by him to recover for such services. Cahill v. Mayor, etc., of New York, 2 Wkly. Dig. 197. The chief clerk had no express or implied power to appoint deputies. The only power of appointment to such office was vested by statute in the judges of the court. Laws 1871, c. 282, § 19. There must be judgment for the defendant.

Judgment for defendant.